**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE:<br><br>ANDREW JOSEPH SCHEER<br>TAMBERLEE LYNN SCHEER<br><br>Debtors. | Case No. 13-12601 MER<br><br>Chapter 11 |

**ANDREW J. SCHEER & TAMBERLEE L. SCHEER'S**

**CORRECTED PLAN OF REORGANIZATION**

## ARTICLE I

### SUMMARY

The Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Andrew Joseph Scheer and Tamberlee Lynn Scheer (the "Debtors"). The Debtors shall restructure their debts and obligations and continue their contracting business and internet sales business. Payments will be made from cash flow from operations.

The plan provides for five (5) classes of secured claims; one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 11.5 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders is on file with the court. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01**   Class 1   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

**2.02**   Class 2(a)   This class consists of the claims of ==Federal National Mortgage Association, c/o Seterus, Inc==. *and* **JP Morgan Chase Bank** against Debtors' primary residence, to the extent allowed as a secured claim under § 506 of the Code.

**2.03**   Class 2(b)   This class consists of the claims of **JP Morgan Chase Bank, NA** against real property to the extent allowed as a secured claim under § 506 of the Code.

*1*

**2.04** <u>Class 2(c)</u> This class consists of the secured claims of **City and County of Denver** for property taxes against real property to the extent allowed as a secured claim under § 506 of the Code

**2.05** <u>Class 3(a)</u> This class consists of the secured claim of the **Internal Revenue Service** to the extent allowed as a secured claim under § 506 of the Code.

**2.06** <u>Class 3(b)</u> This class consists of the claims of **Carrington Mortgage (US Bank), Chase Home Finance LLC and Provident Funding** against real property to the extent allowed as a secured claim under § 506 of the Code.

**2.07** <u>Class 3(c)</u> This class consists of the secured claim of **Chase Home Finance LLC** against real property to the extent allowed as a secured claim under § 506 of the Code.

**2.08** <u>Class 4</u> This class consists of the secured claim of the **Credit Union of Denver** to the extent allowed as a secured claim under § 506 of the Code.

**2.09** <u>Class 5</u> All unsecured claims allowed under § 502 of the Code.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, US TRUSTEE FEES & PRIORITY TAX CLAIMS

**3.01** <u>Unclassified Claims</u>. Under §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.02** <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors. Professional Fees will be paid in full within sixty (60) days after the entry of the Order Confirming the Plan, unless Debtors and the party entitled to be paid mutually agree to a different time period for payment. The holders of Professional Fee claims shall submit their requests for payment to the Court and Debtors shall pay such claims only upon approval by and in the amount allowed by the Court.

**3.03** <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in full in equal monthly installments.

**3.04** <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.


| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | $2,500 | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | NONE | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| Professional Fees, as approved by the Court Law Offices of Stephen E. Berken (fees approximate) Dennis & Co, PC | $40,000 $5,000 | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees |  | Paid in full on the effective date of the Plan |
| Other administrative expenses | None | Paid in full on the effective date of the Plan or according to separate written agreement |
| Office of the U.S. Trustee Fees | None | Paid in full on the effective date of the Plan |
| TOTAL | $47,500 |  |

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.01** Claims and interests shall be treated as follows under this Plan:

| Class 1 Priority Claim ||
|---|---|
| **Internal Revenue Service** | $ 2,981.00 |
| **Date of Assessment** | 01/22/2014 |
| **Treatment of Claim** ||
| **Monthly Payment:** | $   49.68 |
| **Interest Rate:** | N/A |
| **Total Payout Amount :** | $ 2,981.00 |
| **# of Months:** | 60 |
| **Payments Begin:** | 09/2013 |
| **Payments End:** | 08/15/2018 |
| The Internal Revenue Service has a priority claim in the amount of $2,981. ||
| The Internal Revenue Service shall be paid $2,981 in monthly payments of $49.68 in equal monthly payments, due on the 15th day of each month, for 60 months or until paid in full with the payment being due on the 15th day of the month.  Debtors have been making payments since September 2013. ||

| Class 1 Priority Claim | |
|---|---|
| **Colorado Department of Revenue** | $ 3,668.00 |
| **Date of Assessment** | 08/13/2013 |
| **Treatment of Claim** | |
| **Monthly Payment:** | $   61.13 |
| **Interest Rate:** | N/A |
| **Total Payout Amount :** | $ 3,668.00 |
| **# of Months:** | 60 |
| **Payments Begin:** | 11/15/2013 |
| **Payments End:** | 10/15/2018 |
| The Colorado Department of Revenue has a priority claim in the amount of $3,668.  The Colorado Department of Revenue shall be paid $61.13 in equal monthly payments due on the 15th day of each month, for 60 months or until paid in full with the payment being due on the 15th day of the month.  Debtors have been making payments since November 2013. | |

| Class 2(a) Secured Claim | |
|---|---|
| *Secured claim of:* | **Federal National Mortgage Association, c/o Seterus, Inc (7901)** |
| **Collateral Description** | 1846 South Yank Place<br>Lakewood CO 80228 |
| **Value of Collateral** | $252,501 |
| **Total Claim** | $111,078.74 |
| **Proof of Claim No.** | 13-2 |
| **Allowed Secured Amount** | $110,078.74 |
| **Priority of Lien** | 1st Mortgage Lien Holder |
| **Principal Owed** | $110,293.96 |
| **Pre-Petition Arrearage** | $3,746.01 |
| **Insider** | No |
| **Impairment** | Unimpaired |
| **Treatment of Claim** | |
| **Treatment of Lien:** | **Cure Default** |
| **Monthly Payment** | $1,134.99  (plus current escrow) |
| **Interest Rate** | 5.875% |
| **Additional Payment for arrears** | $156.09  at 0% interest |
| **# of Months to Cure Arrears** | 24 |
| **Payments Begin** | 07/01/2014 |
| **Payments End** | 06/01/2016 |
| Federal National Mortgage Association, c/o Seterus, Inc, is secured by the first deed of trust against above collateral, which is Debtors' primary residence.<br><br>The debtors will continue to maintain an escrow account for insurance and real estate taxes with the servicer for the senior lien holder following confirmation of the plan.  Escrow will continue to be paid monthly in addition to principal and interest payment.   Federal National Mortgage Association, c/o Seterus, Inc, claim is secured.  Debtors have been maintaining post petition payments since November 2013 and the current balance is $108,285.64 as of June 2014.  Under the plan, Debtors shall retain the real property and continue making monthly principal and interest | |

4

payments of $1,134.99. The pre-petition arrearage in the amount of $3,746.01 will be paid paying an additional $156.09 per month for 24 months. Payments on the arrears commenced July 2014. All terms and conditions of the underlying Chase promissory note and deed of trust are unaltered by the Plan.

| Class 2(a) Secured Claim ||
|---|---|
| **Secured Claim of:** | **JP Morgan Chase Bank, NA (0735)** |
| **Collateral Description:** | 1846 S. Yank Place<br>Lakewood CO 80228 |
| **Value of Collateral:** | $252,501 |
| **Total claim:** | $110,897.05 |
| **Proof of Claim No.** | 19 |
| **Allowed Secured Amount :** | $110,897.05 |
| **Priority of Lien?** | 2nd Mortgage Lien Holder |
| **Principal Owed?** | $110,304.16 |
| **Pre-Petition Arrearage?** | $298.24 |
| **Insider?** | No |
| **Impairment?** | Unimpaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Cure Default** |
| **Monthly P&I Payment** | $275.01 |
| **Interest Rate:** | 3.250% |
| **Additional Arrears Payment:** | $12.43 at 0% interest |
| **# of Months to Cure:** | 24 |
| **Payments Begin:** | 07/01/2014 |
| **Payments End:** | 06/01/2016 |

JP Morgan Chase Bank, NA, is secured by the second deed of trust against above collateral, which is Debtors' primary residence. NO escrow account is necessary on this second mortgage however the debtors will continue to maintain an escrow account for insurance and real estate taxes with the servicer for the senior lien holder following confirmation of the plan. Escrow will continue to be paid monthly in addition to principal and interest payment.

JP Morgan Chase Bank's claim is secured. Debtors have been maintaining post petition payments since November 2013 and the current balance is $109.981.72. Under the plan, Debtors shall retain the real property and continue making monthly principal and interest payments of $275.01 per month. The pre-petition arrearage in the amount of $298.24 will be paid paying an additional $12.43 per month for 24 months beginning July 2014. Payments on the arrears commenced July 2014. All terms and conditions of the underlying promissory note and deed of trust are unaltered by the Plan.

| Class 2(b) Secured Claim ||
|---|---|
| **Secured Claim of:** | **JP Morgan Chase Bank., NA (5881)** |
| **Collateral Description:** | 262 Perry Street<br>Denver, CO 80204 |
| **Value of Collateral:** | $107,100 |
| **Total claim:** | $122,189.48 |
| **Proof of Claim No.** | No proof of claim filed |
| **Allowed Secured Amount :** | $122,189.48 |
| **Priority of Lien:** | 1st Mortgage Lien Holder |
| **Principal Owed:** | $122,189.48 (current balance $118,591.93) |
| **Pre-Petition Arrearage:** | $2,014.13 |
| **Insider?** | No |
| **Impairment?** | Unimpaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Cure Default** |
| **Monthly P&I Payment:** | **$634.11 (Plus current escrow)** |
| **Interest Rate:** | **2.86%** |
| **Additional Arrears Payment:** | **$56.00 at 0%** |
| **# of Months to Cure:** | **36** |
| **Payments Begin:** | **07/01/2014** |
| **Payments End:** | **06/01/2017 (for arrears)** |
| JP Morgan Chase Bank, NA holds a claim secured by a first deed of trust on above collateral.  This class is undersecured, however, this claim is not impaired.  As of the petition date, Debtors owed approximately $122,189.48.  The real property securing this Class 2(b) Claim is valued at $107,100.  Debtors have made post-petition payments since March 2013 and are current.  The current balance is $118,591.93.<br><br>The debtors will continue to maintain an escrow account for insurance and real estate taxes with the servicer for the senior lien holder following confirmation of the plan.  Escrow will continue to be paid monthly in addition to principal and interest payment.   Under the Plan, Debtors will retain the real property and the terms of the loan and deed of trust underlying Chase's Class 2(b) claim as modified by the claim holder on or about November 2012.  In that modification, the claim holder agreed to a payoff amount of $120,198 at a reduced interest rate of 2.86%, which is due to increase 1% each year, after the 5th anniversary of the effective date of the modification until the interest rate of 3.55% is reached, amortized over 40 years.  The monthly principal and interest payment amount will be $634.11.  The pre-petition arrearage in the amount of $2,014.13 will be paid paying an additional $56.00 per month for 36 months beginning July 2014.  The modified loan shall mature on December 1, 2052.  Thus, Debtors will continue tendering the post-petition payments per the modified loan of November 2012.<br><br>Upon full payment of this Allowed Secured Claim, Chase shall release its deed of trust on the property.  Chase shall not be entitled to any other distributions under the Plan.  To the extent the creditor objects to the modified valuation, the Court shall determine the value of such real property as a contested matter pursuant to Fed. R. Civ. P. 9014.  The Debtors shall have 30 days from the date of such Order to either accept the Court's determination or surrender the property.  All terms and conditions of the underlying promissory note and deed of trust as modified November 2012 are unaltered by the Plan. ||

| Class 2(c) Secured Claim ||
|---|---|
| **Secured Claim of:** | **City and County of Denver** |

| | |
|---|---|
| **Collateral Description:** | 1035 Tennyson St.<br>Denver CO 80204 |
| **Value of Collateral:** | $128,044 |
| **Total claim:** | $1,049.87 |
| **Proof of Claim No.** | 5 |
| **Allowed Secured Amount :** | $1,049.87 |
| **Priority of Lien:** | Property Tax Lien |
| **Principal Owed:** | N/A |
| **Pre-Petition Arrearage:** | $1,049.87 |
| **Insider?** | No |
| **Impairment?** | Unimpaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | Cure Default |
| **Current Monthly Payment:** | $76.00  ($906.12 Annually for 2014 due 2015) |
| **Interest Rate:** | 6.00% |
| **Additional Payment:** | $46.53 |
| **# of Months to Cure:** | 24 |
| **Payments Begin:** | 07/15/2014 |
| **Payments End:** | 06/15/2016 |
| The City and County of Denver has a secured claim on above collateral for property taxes from 2012.  This class is unimpaired.  The claim filed by the City and County of Denver includes taxes not yet due and owing.  The City and County of Denver shall retain its lien on this collateral, subject to the terms of the Plan.  The City and County of Denver shall be paid $1,049.87 as an Allowed Secured Claim for this collateral at 6.00% per annum interest in equal monthly payments of $46.53 due on the 15th day of each month until paid in full, commencing July 2014. The current taxes are due and owing in semi-annual or annual installments and are approximately $76.00 per month. **NOTE: Debtors have requested the first mortgage holder set up and escrow impound account.**  Once established, the taxes will be included in their mortgage payments and they will no longer pay taxes directly.  Until then, Debtors will maintain semi-annual or annual installment payments.  Upon full payment of this Allowed Secured Claim, the City and County of Denver/Treasury shall release its lien on the Residence. The City and County of Denver/Treasury shall not be entitled to any other distributions under the Plan. ||

| Class 2(c) Secured Claim ||
|---|---|
| **Secured Claim of:** | **City and County of Denver** |
| **Collateral Description:** | 262 Perry Street<br>Denver, CO 80204 |
| **Value of Collateral:** | $107,100 |
| **Total claim:** | $2,253.60 (includes taxes due in 2014 and taxes included on POC 5) |
| **Proof of Claim No.** | 16 |
| **Allowed Secured Amount :** | $619.26 |
| **Priority of Lien:** | Property Tax Lien |
| **Principal Owed:** | N/A |
| **Pre-Petition Arrearage:** | $619.26 |
| **Insider?** | No |
| **Impairment?** | Unimpaired |

7

| Treatment of Claim | |
|---|---|
| **Treatment of Lien:** | **Cure Default** |
| **Current Monthly Payment:** | $60.00 ($708.45 Annually for 2014 due 2015) |
| **Interest Rate:** | 6.00% |
| **Additional Payment:** | $27.45 |
| **# of Months to Cure:** | 24 |
| **Payments Begin:** | 03/15/2016 |
| **Payments End:** | 02/15/2016 |
| Treatment of Claim: The City and County of Denver has a secured claim on above collateral for property taxes from 2012-2013. This class is unimpaired. The City and County of Denver shall retain its lien on this collateral, subject to the terms of the Plan. The City and County of Denver shall be paid $619.26 as an Allowed Secured Claim for this collateral at 6.00% per annum interest in equal monthly payments of $46.53 due on the 15th day of each month until paid in full (24 months). The current taxes are due and owing in semi-annual or annual installments and are approximately $65.00 per month. **NOTE: Debtors have requested the first mortgage holder set up and escrow impound account.** Once established, the taxes will be included in their mortgage payments and they will no longer pay taxes directly. Until then, Debtors will maintain semi-annual or annual installment payments. Upon full payment of this Allowed Secured Claim, the City and County of Denver/Treasury shall release its lien on the Residence. The City and County of Denver/Treasury shall not be entitled to any other distributions under the Plan | |

| Class 3 (a) Secured Claim | |
|---|---|
| **Secured Claim of:** | **Internal Revenue Service** |
| **Collateral Description:** | All Property in Jefferson County |
| **Value of Collateral:** | $9,210.88 |
| **Total claim:** | $9,210.88 |
| **Proof of Claim No.** | 7_3 |
| **Allowed Secured Amount :** | $9,210.88 |
| **Priority of Lien:** | Federal Tax Lien |
| **Principal Owed:** | N/A |
| **Pre-Petition Arrearage:** | $9,210.88 |
| **Insider?** | No |
| **Impairment?** | Unimpaired |
| Treatment of Claim | |
| **Treatment of Lien:** | Paid through plan |
| **Monthly Payment:** | $255.86 |
| **Interest Rate:** | 3.00% |
| **Additional Payment:** | N/A |
| **# of Months to Cure:** | 36 |
| **Payments Begin:** | 09/15/2013 |
| **Payments End:** | 08/15/2017 |
| The Internal Revenue Service has a secured claim in Debtors' personal property. This class is unimpaired. The Internal Revenue Service shall retain its lien on this collateral, | |

subject to the terms of the Plan. The Internal Revenue Service shall be paid $9,210.88 as an Allowed Secured Claim for this collateral. This amount shall be paid with 3.00% interest per annum in equal monthly payments of $255.86* due on the 15th day of each month, for 24 months, until paid in full. Debtors commenced payments in September 2013 and have paid $3,430.32* through December 2014. Upon full payment of this Allowed Secured Claim, the Internal Revenue Service shall release its lien on the personal property.

| | |
|---|---|
| **Class 3(b) Secured Claim** ||
| **Secured Claim of:** | Rushmore Loan Management Services (US Bank NA) (6382) |
| **Collateral Description:** | 1035 Tennyson St. Denver CO 80204 |
| **Value of Collateral:** | $145,000* |
| **Total claim:** | $175,526 (per objection – no claim filed) |
| **Proof of Claim No.** | No proof of claim filed |
| **Allowed Secured Amount :** | $145,000 |
| **Priority of Lien:** | 1st Mortgage Lien Holder |
| **Principal Owed:** | $136,898.19 (per objection – no claim filed) |
| **Pre-Petition Arrearage:** | $0 |
| **Insider?** | No |
| **Impairment?** | Impaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Modified (Cram Down)** |
| **Monthly P&I Payment:** | $916.50 for 30 years (plus current escrow) |
| **Interest Rate:** | 6.50% |
| **Additional Payment:** | N/A |
| **# of Months to Cure:** | N/A |
| **Payments Begin:** | 01/01/2015 |
| **Payments End:** | 12/01/2044 |

Carrington Mortgage holds a claim secured by a first deed of trust on above collateral. This class is under secured and impaired. Per the objection filed by US Bank, Debtors owe approximately $175,526 in connection with Loan # XXXXXX6382. The real property securing the Class 2 Claim was valued at approximately $145,000. Debtors have been making regular monthly payments since September 23, 2013, and have paid $13,974.24 from 06/23/13-12/19/14. The mortgage holder (or servicer) will establish an escrow impound account for property upon confirmation of the plan, which will be paid monthly in addition to monthly principal and interest payments.

US Bank objected to the valuation of the collateral in Paragraph 14 of the objection to the disclosure statement at docket 154. Creditor claimed the value of the property is "at least $145,000" and that they were "in the process of obtaining an interior appraisal of the Property in order to determine the current value of the Property." Additionally, US Bank objected to the plan at docket 215 proposing value of $150,000. To date, no such

appraisal has been performed.

Creditor did not file a proof of claim. Said claim would have provided the current balance of the loan as well as afford debtors the opportunity to review the claim for accuracy.

Under the Plan, Debtors will retain the real property and the terms of the loan and deed of trust underlying US Bank's Class 3(b) Claim will be modified as follows: The principal balance of the loan will be reduced to the value of the property ($145,000) and amortized over a 30 year term (360 payments) at 6.50 percent per annum interest. Monthly payments of principal and interest ($916.50 per month) and additional monthly escrow payments (to be adjusted as necessary to fund escrow account) will begin 30 days after the Effective Date of the plan. Any post petition escrow deficiencies not included in Class 2(c) will be included in the modified amount. A final payment of the outstanding balance of the loan (as modified herein) will be due 360 months following the Effective Date. Upon full payment of this Allowed Secured Claim, US Bank shall release its deed of trust on the property. US Bank shall not be entitled to any other distributions under the Plan. Under this modification, creditor shall receive $184,940 of interest in addition to the balance of $145,000 for a total of $329,940 over 30 years. **To the extent the creditor objects to the modified valuation, the Court shall determine the value of such real property as a contested matter pursuant to Fed. R. Civ. P. 9014. The Debtors shall have 30 days from the date of such Order to either accept the Court's determination or surrender the property.**

| Class 3(b) Secured Claim | |
|---|---|
| **Secured Claim of:** | **Chase Home Mortgage 5376** |
| **Collateral Description:** | 1285 Sheridan<br>Lakewood, CO 80214 |
| **Value of Collateral:** | $105,000 |
| **Total claim:** | $105,000 |
| **Proof of Claim No.** | 22 |
| **Allowed Secured Amount :** | $105,000 |
| **Priority of Lien:** | 1st Mortgage Lien Holder |
| **Principal Owed:** | $132,864.17 |
| **Escrow Deficiency:** | $   4,925.00 |
| **Insider?** | No |
| **Impairment?** | Impaired |
| **Treatment of Claim** | |
| **Treatment of Lien:** | Modified (Cram Down) |
| **Monthly P&I Payment:** | $698.57 for 30 years (plus current escrow) |
| **Interest Rate:** | 7.00% |
| **Additional Payment:** | $136.81 |
| **# of Months to Cure:** | 36 |
| **Payments Begin:** | 01/01/2015 |
| **Payments End:** | 02/01/2045 |
| Chase Home Mortgage's claim is secured by a first deed of trust on the above collateral. | |

> This class is undersecured and impaired. Per proof of claim number 22 filed with the court, the debtors' owe $132,864.17 and the real property securing the Class 3(b) Claim was valued at approximately $105,000. Debtors have made some post petition monthly payments totaling $6,544.96 through December 2014.
>
> Under the Plan, Debtors will retain the real property and the terms of the loan and deed of trust underlying Chase's Class 3(b) Claim (US Bank, as trustee) will be modified as follows: The principal balance of the loan will be reduced to the value of the property, $105,000 and amortized over a 30 year term at 7.00 percent per annum interest. Monthly payments of principal and interest of $698.57 per month will begin January 2015. The mortgage holder (or servicer) will establish an escrow impound account for property upon confirmation of the plan, which will be paid monthly in addition to monthly principal and interest payments. Debtors will also pay an additional $136.81 for 36 months beginning March 2015 to cure the escrow deficiency. A final payment of the outstanding balance of the loan (as modified herein) will be due 360 months following the Effective Date. Upon full payment of this Allowed Secured Claim, Chase shall release its deed of trust on the property. Upon full payment of this Allowed Secured Claim, Chase shall release its deed of trust on the property. Chase shall not be entitled to any other distributions under the Plan. Under this modification, Chase shall receive $146,484.34 of interest in addition to the balance of $105,000 for a total of $251,484.34. **To the extent the creditor objects to the modified valuation, the Court shall determine the value of such real property as a contested matter pursuant to Fed. R. Civ. P. 9014. The Debtors shall have 30 days from the date of such Order to either accept the Court's determination or surrender the property.**

| Class 3(b) Secured Claim ||
|---|---|
| **Secured Claim of:** | **Provident Funding (0134)** |
| **Collateral Description:** | 1275 Sheridan<br>Lakewood, CO 80214 |
| **Value of Collateral:** | $118,728.00 |
| **Total claim:** | $112,839.95 |
| **Proof of Claim No.** | 18 |
| **Allowed Secured Amount :** | $112,839.95 |
| **Priority of Lien:** | 1st Mortgage Lien Holder |
| **Principal Owed:** | $110,167.09 |
| **Escrow Deficiency:** | $   5,758.00 |
| **Insider?** | No |
| **Impairment?** | Impaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Modified (Cram Down)** |
| **Monthly Payment:** | $731.88 (plus current escrow) |
| **Interest Rate:** | 6.75% |
| **Additional Payment:** | N/A |
| **# of Months to Cure:** | N/A |
| **Payments Begin:** | 01/01/2015 |
| **Payments End:** | 12/01/2044 |

> Provident holds a claim secured by a first deed of trust on above collateral. This claim is undersecured and impaired. According the proof of claim 18 filed with the court, Debtors owed approximately $112,839.95 and the real property securing the Class 3(b) Claim was valued at approximately $118,728. Debtors have some monthly post petition payments totaling $10,466.52 through December 2014.
>
> Under the Plan, Debtors will retain the real property and the terms of the loan and deed of trust underlying Provident's Class 3(b) Claim (US Bank, as trustee) will be modified as follows: Debtors will pay the principal balance of the loan of $112,840, and amortized over a 30 year term at 6.75 per annum interest. Monthly payments of principal and interest of $731.88 per month will begin January 2015. The mortgage holder (or servicer) will set up an escrow impound account which will be paid in additional to monthly principal and interest payments. The Debtors' escrow account will be analyzed and an Escrow Analysis Disclosure Statement will be issued for a payment effective as of October 1, 2015. The Debtors' escrow account will be periodically analyzed during the life of the loan. The Debtors are required to make a payment of $1,007.92 (which includes principal and interest of $731.99 and an escrow payment of $276.04) due as of September 15, 2015. The Debtors' monthly payment may change due to the periodic escrow analysis. The Parties agree that the Debtors have paid Creditor $10,391.48 contractually between the petition date and the effective date of the cram down as agreed by the Parties; the Parties agree that Creditor will apply the $10,391.48 contractually pursuant to the unmodified loan terms to 10 contractual loan payments of principal, interest, and escrow. Once the $10,391.48 is applied to the Debtors' loan account, there will be an escrow deficiency balance of $2,230.66. The Debtors agree to pay an additional $92.95 per month for 24 months starting October 1, 2015 to cure the escrow amount deficiency. This amount shall be in addition to the debtors' regular monthly mortgage payment of principal, interest, and escrow.. A final payment of the outstanding balance of the loan (as modified herein) will be due 360 months following the Effective Date. Upon full payment of this Allowed Secured Claim, Provident shall release its deed of trust on the property. Provident shall not be entitled to any other distributions under the Plan. Under this modification, Provident shall receive $150,636.05 of interest in addition to the balance of $112,840 for a total of $263,476.80. **To the extent the creditor objects to the modified valuation, the Court shall determine the value of such real property as a contested matter pursuant to Fed. R. Civ. P. 9014. The Debtors shall have 30 days from the date of such Order to either accept the Court's determination or surrender the property.**

| Class 3 (c) Secured Claim | |
|---|---|
| **Secured Claim of:** | **Chase Home Mortgage 6020** |
| **Collateral Description:** | 1035 Tennyson St. <br> Denver CO 80204 |
| **Value of Collateral:** | $128,044 |
| **Total claim:** | $92,241.38 * |
| **Proof of Claim No.** | 20 |
| **Allowed Secured Amount :** | $0 |
| **Priority of Lien:** | 2nd Mortgage Lien Holder |
| **Principal Owed:** | $90,734.91 |

| | |
|---|---|
| **Pre-Petition Arrearage:** | $1,506.47 |
| **Insider?** | No |
| **Impairment?** | Impaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Modified - Strip Off – Claim Satisfied** |
| **Monthly Payment:** | $0 |
| **Interest Rate:** | N/A |
| **Additional Payment:** | N/A |
| **# of Months to Cure:** | N/A |
| **Payments Begin:** | N/A |
| **Payments End:** | N/A |
| Chase holds claim secured by a second deed of trust on above collateral.  This class is impaired.  The value of the property is $145,000.  The claim held by the first deed of trust holder is $145,000.  Thus, the value of the property is less than the claim held by the first deed of trust holder.  Accordingly, Debtors filed a motion pursuant to Section 506 to "strip off" the second deed of trust.  The order has not yet entered as of the submission of this Plan. Under the plan, Chase Home Mortgage's Class 3(c) claims will be treated under Class 5 of this plan. **To the extent the creditor objects to the modified valuation, the Court shall determine the value of such real property as a contested matter pursuant to Fed. R. Civ. P. 9014.  The Debtors shall have 30 days from the date of such Order to either accept the Court's determination or surrender the property.**<br><br>**\*On December 15, 2014 at docket 224, JP Morgan Chase Bank filed a notice of satisfaction of claim number 20.  This notice states that future disbursements should cease at this time.  Therefore, JP Morgan's claim has been satisfied and should reflect a balance of $0.00.** ||

| | |
|---|---|
| **Class 4** ||
| **Secured Claim of:** | **Credit Union of Denver** |
| **Collateral Description:** | 2005 Ford Freestyle |
| **Value of Collateral:** | $4,600 |
| **Total claim:** | $4,590.55 |
| **Proof of Claim No.** | 12 |
| **Allowed Secured Amount :** | $4,590.55 |
| **Priority of Lien:** | Auto Loan Lien Holder |
| **Principal Owed:** | $4,590.55 |
| **Pre-Petition Arrearage:** | N/A |
| **Insider?** | No |
| **Impairment?** | Unimpaired |
| **Treatment of Claim** ||
| **Treatment of Lien:** | **Paid by 3rd Party outside the plan** |
| **Monthly Payment:** | $288 |
| **Interest Rate:** | 9.99% |

| | |
|---|---|
| Additional Payment: | N/A |
| # of Months to Cure: | N/A |
| Payments Begin: | |
| Payments End: | Paid in full and title release 01/21/2014 |
| Credit Union of Denver holds a claim secured by a lien on a 2005 Ford Freestyle. This class is unimpaired. The Plan provides that payment shall be kept current and made by a third party, Nathan Scheer, outside of the plan. This payment has been excluded from debtors projected financials. Credit Union of Denver shall not be entitled to any other distributions under the Plan. ||

| Class 5 ||
|---|---|
| | **All Allowed Unsecured Claims** |
| **Total of all claims filed:** | $ 77,947.00 |
| This class consists of the claims of all Allowed Unsecured Claims of the Debtors. Creditors in this class shall receive a pro-rata distribution of $9,000.00, which shall be distributed in six equal semi-annual payments of $1,500.00. The first distribution shall be made six months after the Effective Date of the plan. Subsequent distributions shall be made every six months thereafter. ||

| Class 6 ||
|---|---|
| **Equity Interest Holder:** | Plan Proponent |
| **Description of Interest** | 100% Membership Interest |
| **Impaired?** | No |
| **Treatment** ||
| On the Effective Date, all equity interests in the Reorganized Debtor shall be issued to the Plan Proponent in the proportions held prior to the Petition Date. Should any creditors object to the plan pursuant to 11 U.S.C. § 1129(b)(2)(B)(ii) (the "Absolute Priority Rule"), all equity interests in the Debtor shall be issued to the Allowed Class 3, 4, 5, 6, and 7 creditors on a pro-rata basis. The equity interests to be issued on account of Contested Claims shall be held in escrow pending Allowance of the Claims through entry of a Final Order. ||

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01 Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated. Any objections to a proof of claim must be filed within ninety days of the Effective Date.

**5.02 Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. Debtors shall hold all

funds that would otherwise be distributed on a disputed claim pending resolution of that claim in reserve.

**5.03 Settlement of Disputed Claims.** Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01 Assumed Executory Contracts and Unexpired Leases.**

(a) On the effective date of the plan, the Debtors will assume the rental leases with Nick and Sandra DeLeon, Gene and Lisa Flores, M. William Brooks, and Rocio Hernandes and Reymundo Saldivar Porr, but subject to the terms of Stipulations between these parties entered in this bankruptcy case. Confirmation of the Plan shall constitute a determination that the payments to be made by the Debtors satisfies all conditions precedent to assumption and assignment set forth in 11 U.S.C. 365(b) and (f). The Debtors assume the following executory contracts and/or unexpired leases:

1. Residential Lease for 262 Perry Street
2. Residential Lease for 1275 Sheridan
3. Residential Lease for 1285 Sheridan
4. Residential Lese for 1035 Tennyson

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of the plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) On the Confirmation Date, the Debtors shall be the holder of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtors and the parties thereto. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfies all conditions precedent to assumption and assignment set forth in 11 U.S.C. 365(b) and(f).

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

**7.01    Continued Operation of businesses.**

Pursuant to the Plan, the Debtors shall restructure their debts and obligations and continue their investment property income, contracting business and internet sales business. A more complete history of debtors' internet sales business, the rents received from the various rental units, and income earned from Scheer Enterprises, Inc., and a description of their financial condition and future is provided for in the Amended Disclosure Statement and various exhibits filed with the court. Debtors have hired Dennis & Co, PC to review their financial records and assist in the production of financial exhibits for the amended disclosure statement. Debtors are and will continue to earn a positive cash flow in excess of all liabilities due.

## ARTICLE VIII

## GENERAL PROVISIONS

**8.01** **Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

"**Administrative Claim**" shall mean a claim for costs and expenses of administration in this Chapter 11 case entitled to priority under Sections 503(b) and 507 of the Bankruptcy Code.

"**Allowed Claim**" - Shall mean a Claim which is properly filed under §502 of the Bankruptcy Code, and to which no objections are filed within the appropriate period of time for filing such objections.

"**Allowed Secured Claim**"- Shall mean Allowed Claim secured by a lien, security interest, mortgage or trust deed against in property owned by the Scheers to the extent of the value of the interest of the holder of such Allowed Claims.

"**Allowed Unsecured Claim**" - Shall mean an Allowed Claim with no collateral or the allowed unsecured portion of an under collateralized Claim.

"**Bankruptcy Code**" - Shall mean the Bankruptcy Code, 11 U.S.C. §101 et seq., and any amendments thereof.

"**Bankruptcy Court**" – Shall mean the United States Bankruptcy Court for the District of Colorado.

"**Bar Date**" – Shall mean August 26, 2013, the last date set by the Bankruptcy Court for filing Claims that are not Administrative Claims.

"**Claim**" - Shall mean an alleged right to payment or right to an equitable remedy in existence on or as of the Petition Date whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, contingent, matured, un-matured, disputed undisputed, secured or secured.

"**Class**" - Shall mean any class of creditors or interests described in Articles III and IV of the Plan.

"**Confirmation**" – Shall mean the entry by the Bankruptcy Court of an order confirming the Plan in accordance with Chapter 11 of the Bankruptcy Code; "Confirmation Order" shall mean such order; and "Confirmation Date" shall mean the date on which such order is entered.

"**Contested Claim**" - Shall mean a claim as to which an objection has been made and is pending, but only to the extent of such objection.

"**Debtors**" or "**Scheers**" - Shall mean Andrew Scheer and Tamberlee Scheer.

"**Disclosure Statement**" - Shall mean the Disclosure Statement which is approved by the Court pursuant to Section 1125 of the Bankruptcy Code to be utilized to solicit votes for this Plan.

"**Distribution Date**" – When used with respect to an Allowed Administrative or Priority Claim shall mean as soon as practicable after the later of (i) the Effective Date, or (ii) if the Administrative or Priority Claim is Allowed after the Effective Date, the fifteenth day of the next calendar month after the date upon which such Claim is Allowed.

"**Disputed Claim**" - Shall mean any claim which has been scheduled by Debtors as disputed, contingent or unliquidated, or any claim as to which an objection has been filed and allowance or disallowance of such claim has not been determined by a final order.

"**Effective Date**" - Shall mean the twentieth day following the date of the order confirming this Plan.

"**Equity Interest**"—Shall mean any ownership interests the Debtors have in their property.

"**Fee Claim**" – Shall mean a Claim under Section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

"**Final Order**" – Shall mean an order or judgment of the Bankruptcy Court or other court of competent jurisdiction which has not been reversed, stayed, modified, or amended and as to which (i) the time to appeal or seek review, rehearing, or certiorari has expired (without regard to whether the time to seek relief of a judgment under Rule 60(b) of the Federal Rules of Civil Procedure has expired); and (ii) no appeal or petition for review, rehearing, or certiorari is pending, or if pending as to which no bond or other stay has been issued, or as to which any right to appeal or seek review, rehearing, or certiorari has been waived.

"**Impaired**" – A class of claims or interests is "impaired" in accordance with 11 U.S.C. §1124 if the Plan alters the legal, equitable and/or contractual rights of the holders of such claims or interests.

"**Objection Date**" – Shall mean, with respect to a Claim other than a Claim that is an Administrative Claim, the first business day following the passage of sixty (60) days from the Effective Date.

"**Petition Date**" - Shall mean February 26, 2013, which is the date on which the Scheers' filed their voluntary Chapter 13 Petition with the Court, which was then converted to Chapter 11 on June 3, 2013.

"**Plan**" - Shall mean this Plan of Reorganization proposed by Debtors.

"**Plan Proponents**" – Shall mean the Debtors,

"**Priority Claim**" – Shall mean a Claim entitled to priority in payment pursuant to Section 507(a)(4) or (507(a)(5) of the Bankruptcy Code.

*17*

"**Pro Rata**" – Shall mean with respect to any Person entitled to distribution, the percentage which such Person's Allowed Claim bears to the sum of all Allowed Claims in the same class.

"**Professional Fees**" - Shall mean an Administrative Claim for compensation and reimbursement submitted pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code.

"**Reorganized Debtors**" – Shall mean the reorganized Debtors under the confirmed Plan.

"**Secured Claim**" – Shall mean any Claim secured by a valid and enforceable lien against the property of the Debtors, but only to the extent of the value of the collateral securing such Claim.

"**Strip Off**" – Shall mean to the extent that a junior lien is not supported by any value in the collateral, the lien is unsecured under §506(a), and thus not an allowed secured claim under §506(d), which permits the Court to avoid or remove in its entirety a wholly unsecured junior mortgage lien on a Debtors' principal residence.

"**Tax Claim**" – Shall mean any Claim of a governmental unit for taxes entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

"**Unsecured Claim**" – Shall mean a Claim that is not secured by a valid and enforceable lien against the property of the Debtors, other than Administrative Claims, Priority Claims, and Equity Interests.

"**Unimpaired**" – A class of claims or interests is "unimpaired" in accordance with 11 U.S.C. § 1124 if the legal, equitable and/or contractual rights of the holders of such claims or interests are not altered under the Plan.

**8.02** **Effective Date of Plan**. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**8.03** **Severability.** If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04** **Binding Effect.** The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05** **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06** **Controlling Effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Colorado govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07** **Revestment**. On the Confirmation Date all property of the estate shall revest to Debtors free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan or Code.

**8.08** **Retention of Jurisdiction**. The Bankruptcy Court will retain jurisdiction over the parties to and the subject matter of the Plan and all matters related thereto until the Plan has been fully

consummated and the case closed, or until the case is dismissed or converted to another Chapter. The jurisdiction retained by the Bankruptcy Court includes, but is not limited to, jurisdiction to interpret and enforce the provisions of the Plan, to determine all disputes and controversies arising under the Plan, to enter orders in aid of consummation of the Plan, to determine the allowance of claims and objections thereto, to determine adversary proceedings and contested matters and to determine applications for administrative expenses.

**8.04** **Payment of Fees Pursuant to 11 U.S.C. § 1129(12).** All fees required to be paid by 28 U.S.C. § 1930 will be timely paid as required therein until such time as this Chapter 11 case is dismissed, converted or closed by order of the Court. Debtors will file all required post-confirmation quarterly reports until this Chapter 11 case is dismissed, converted or closed by order of the Court. All fees owing to the United States Trustee shall be paid in full on the Effective Date. Upon completion of all payments following the three-year term of the Plan, Debtors shall submit a final report and request entry of a final decree.

# ARTICLE IX
## DISCHARGE

**9.01** **Discharge**. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. The Debtors reserve the right otherwise request a discharge pursuant to 11 U.S.C. § 1141(d)(5).

**9.02** **Confirmation Request**. Debtors, as proponents of the Plan, request confirmation of the Plan pursuant to Section 1129 of the Bankruptcy Code. Debtors will solicit acceptance of the Plan after their Disclosure Statement has been approved by the Court and is transmitted to creditors. In the event Debtors do not obtain the necessary acceptance of the Plan, they may make application to the Court for confirmation of their Plan pursuant to Section 1129(b) of the Bankruptcy Code.

**9.03** **Termination of Case**. After entry of a Confirmation Order, the Debtors will file a Motion for Entry of a Decree of Closure of the case pursuant to Fed.R.Bankr.P. 3022. When the Motion for Entry of a Decree of Closure is filed, the only remaining actions to be completed under the Plan will be the payments and disbursements to be made by Debtors to creditors. When the Plan is completed, the Debtors will file a Motion to Reopen the Case in order to file an accounting of their receipts and disbursements and the Debtors will request entry of an Order of Discharge, as set forth in Paragraph 8.4 of the Plan. A copy of the Motion and such accounting will be sent to all creditors with an opportunity to object in accordance with the Federal Rules of Bankruptcy Procedure.

DATED: September 21, 2015

        Respectfully submitted,

        */s/ Andrew J. Scheer*

        */s/ Tamberlee Scheer*
        Debtors/Plan Proponents

/s/ Stephen E. Berken
Stephen E. Berken # 14926
Berken Law Office, LLC
1159 Delaware St.
Denver, CO 80204
Phone: 303-623-4357
Facsimile: 720-554-7853
E-mail: stephenberkenlaw@gmail.com
Attorney for Debtors